

300019025

FILED-USDC-NDTX-DA
'25 JUL 30 PM3:02
KM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| DONALD W. KLEIN, Individually, § <br> Plaintiff, § <br> v. § <br> VELANOS PRINCIPAL CAPITAL INC.; § <br> NORDIC TRUST ALLIANCE KB; § <br> JAPLAINTIFFS WILLIAM BYRD; § <br> DANIEL FERNANDEZ ROJO FILHO; § <br> ESTATE OF JAMES WILLIAM BYRD; § <br> JOSHUA WEARMOUTH § <br> LYNDA K BYRD, Successor-in-Interest, § <br> LYNDA K. BYRD, Individually, § <br> Defendants. § | Civil Action No. _____ <br><br> 3-25CV1991-S |

## VERIFIED COMPLAINT FOR DAMAGES, TREBLE DAMAGES, AND INJUNCTIVE RELIEF (RICO)

– JURY TRIAL DEMANDED –

## I. PARTIES

1. **Donald W. Klein** ("Plaintiff" or "Klein") is a natural person residing at 10380 Foutch Road, Pilot Point, Denton County, Texas 76258.

2. **Velanos Principal Capital Inc.** ("Velanos") is an Ontario corporation with its principal office at 120 Adelaide Street W, Suite 2500, Toronto, Ontario M5H 1T1, Canada. Velanos will be served pursuant to Fed. R. Civ. P. 4(h)(2) and the Hague Convention.

3. **Nordic Trust Alliance KB, LLC** ("Nordic Trust") is a Florida limited-liability company with a principal U.S. office at 8297 Champions Gate Boulevard, Suite 459, Champions Gate, Florida 33896.

4. **Daniel Fernandez Rojo Filho** ("Fernandez") is an individual domiciled at 3211 Vineland Road, PMB 309, Kissimmee, Florida 34746.

5. **Joshua Wearmouth** ("Wearmouth") is an individual believed to reside at 1226 Newberg Commons, San Jacinto, California 92582.

6. **Estate of James William Byrd** ("Byrd Estate") is a probate estate pending in Nacogdoches County, Texas, and may be served through its administrator **Lynda K. Byrd** at 8600 FM 2609, Nacogdoches, Texas 75965.

7. **Lynda K. Byrd** ("Lynda Byrd") is an individual resident at the same address and a direct transferee of fraud proceeds.

## II. JURISDICTION AND VENUE

8. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c). Supplemental jurisdiction over state-law claims exists under 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Denton and Dallas Counties, Texas, including Plaintiff's wire transfer and Defendants' recurring debits from a Texas bank account.

10. Defendants purposefully directed their activities toward Texas by soliciting a Texas resident and utilizing U.S. payPlaintifffnt rails; the exercise of personal jurisdiction comports with due process.

## III. ENTERPRISE AND PATTERN ALLEGATIONS

### A. The SBLC Enterprise

11. Defendants for Plaintiff an association-in-fact enterprise (the "SBLC Enterprise") that, through interrelated companies and actors, promoted fraudulent standby-letter-of-credit ("SBLC") investment programs and diverted investor funds.

12. From at least 2022 to the present, the Enterprise maintained continuity by repeatedly using Canadian, Floridian, and Swedish entities, foreign accounts, and nominee transferees while pursuing a common fraudulent purpose.

### B. Predicate Acts

13. The principal predicate acts of wire and mail fraud are summarized:

| # | Date | Description | Amount | Participants | Exhibit |
|---|------|-------------|--------|--------------|---------|
| 1 | 04-25-2023 | Plaintiff wires investment to Nordic/Velanos for SBLC | $1,000,000 | Klein, Velanos, Nordic, Fernandez, Wearmouth | B, B-1 |
| 2 | 10-2023 → 06-2025 | Monthly "NTA Service Fee" debits | $25 × 18+ | Nordic, Velanos | C, screenshot |
| 3 | 03-04-2024 | Formal refund demand ignored | — | All Defendants | A |
| 4 | 12-12-2023 | **Genie** Complaint (parallel SBLC fraud) | $13mm | Wearmouth, Byrd, Nordic | G |

| # | Date | Description | Amount | Participants | Exhibit |
|---|------|-------------|--------|--------------|---------|
| 5 | 2024-2025 | Byrd-to-Lynda Byrd asset transfers | Unknown | Byrd Estate, Lynda Byrd | F |

14. Each wire or mail communication constitutes a predicate act under 18 U.S.C. §§ 1343 & 1341, and the structured, multi-step transfers demonstrate concealment of proceeds characteristic of racketeering..

## IV. FACTUAL ALLEGATIONS

### A. The $1 Million Wire

15. On 24 April 2023 Defendants guaranteed Plaintiff a "risk-free" SBLC trade with returns exceeding 200 percent (Exhibit D).

16. On 25 April 2023, Plaintiff wired $1,000,000 from his personal Bank of America account in Denton County to Velanos Principal Capital, held at The Bank of Nova Scotia (Exhibits B, and B-1). Within 48 hours, Velanos transferred the funds to Nordic Trust Alliance KB's account at CIBC Canada, Account No. NTA 977840060 (Exhibit B-2).

17. Defendants represented that a fully collateralized standby letter of credit (SBLC) would be delivered within thirty (30) days of the transfer, backed by a 2:1 cash reserve and supported by contractual guarantees. No standby letter of credit or equivalent financial instrument was ever delivered, despite repeated assurances that one would be issued within 30 days of Plaintiff's investment. Instead, Defendants presented unverifiable claims and visuals purporting to reflect institutional backing, which furthered the fraudulent inducement.

### B. Unauthorized $25 Debits

18. Beginning in October 2023, Nordic Trust Alliance initiated recurring debits of $25 labeled "NTA Service Fee." The Nordic Trust Alliance initiated recurring debits of $25, labeled "NTA Service Fee," directly from the Plaintiff's account in June 2025. Screenshots and bank records confirming the withdrawals are attached as Exhibit C.

19. Defendants claimed that an AML ("anti-money laundering") flag triggered a bank freeze, and that Plaintiff's funds would be restored using alternate instruments, including a gemstone-backed collateral agreement or a bridge loan from a third party. These assurances were made in writing and in person, and are reflected in the Joint Venture and SBLC documentation provided by the Defendants, attached as Exhibit D.

20. On March 4, 2024, Plaintiff sent a formal refund demand to Velanos Principal Capital and Nordic Trust Alliance, requesting return of the $1,000,000 wire transfer. The demand was sent via email and certified mail to known addresses and representatives, including Defendant Joshua Wearmouth. No response or refund was received. A copy of the demand is attached as **Exhibit A**.

21. Defendants began debiting Plaintiff's personal Bank of America account in Dallas County $25 per month, labeling the charge "NTA Service Fee." These unauthorized withdrawals continued from approximately October 2023 through June 2025. Supporting bank ledger and screenshot documentation is attached as **Exhibit C**.

## C. Parallel Federal Findings

22. ***Genie Investments NV v. Wearmouth,*** No. 6:23-cv-00312 (M.D. Fla.): A file-stamped federal civil complaint (Exhibit G-1) outlines the SBLC fraud enterprise alleged here,

with overlapping defendants including Nordic Trust and Joshua Wearmouth. While the case was voluntarily dismissed before judgment, the allegations mirror those made by Plaintiff, further evidencing the enterprise's continuity.

23. ***Hantash v. Byrd,*** No. 3:24-cv-02392-D (N.D. Tex.): A civil RICO action currently pending in the Northern District of Texas asserts nearly identical wire-fraud conduct by Defendant James W. Byrd, including his intermediary role in Nordic Trust transactions. Public docket records confirm that after Byrd's death, his estate was substituted as a party. Relevant materials are attached as Exhibit E (docket sheet) and Exhibit E-1 (supplemental estate filings).

24. These related federal actions further establish a continuing pattern of fraudulent SBLC-based conduct involving the same core enterprise, actors, and banking structures.

### D. Fraudulent Estate Transfers

25. Following Byrd's death, his probate estate—administered by Defendant Lynda K. Byrd—holds assets that may include proceeds traceable to the SBLC scheme. Probate records from Collin County, filed as Exhibit F, show estate-controlled accounts and property subject to distribution. Plaintiff seeks emergency equitable relief to preserve these potentially attachable assets prior to dissipation.

### E. Damages

26. Plaintiff lost the $1 million principal, at least $450 in fees, a $2 million credit line, and suffered reputational harm and litigation expenses.

27. The structured transfers from Velanos to Nordic Trust further support Plaintiff's theory of layered wire fraud and concealment of proceeds.

## V. CAUSES OF ACTION

*(All preceding paragraphs are incorporated by reference.)*

### Count 1 – Civil RICO (18 U.S.C. § 1962(c))

28. Defendants conducted the SBLC Enterprise through a pattern of racketeering. The predicate acts mirror the pattern Judge Fitzwater found plausible in Hantash v. Byrd, No. 3:24-cv-02392-D (N.D. Tex. May 2, 2025), Exhibit E-2.

### Count 2 – RICO Conspiracy (18 U.S.C. § 1962(d))

29. Defendants knowingly conspired to conduct the Enterprise via racketeering.

### Count 3 – Fraud (Texas common law)

30. Defendants made material misrepresentations and omissions; Plaintiff reasonably relied and was damaged.

### Count 4 – Unjust Enrichment

31. Defendants unjustly retained Plaintiff's funds and fees.

### Count 5 – Fraudulent Transfer (TUFTA)

32. Transfers from Byrd Estate to Lynda Byrd were made with actual intent to hinder creditors.

### Count 6 – Constructive Trust & Accounting

33. Equity requires a constructive trust and full accounting of traceable assets.

**Count 7 – Conversion (Texas)**

34. Defendants wrongfully exercised control over Plaintiff's $1 million.

**Count 8 – Civil Conspiracy (Texas)**

35. Defendants agreed and overtly acted to further the SBLC fraud scheme.

**Count 9 – Federal Wire Fraud (18 U.S.C. § 1343)**

Defendants knowingly and willfully engaged in a scheme to defraud Plaintiff by means of materially false promises regarding an SBLC transaction and caused interstate wire transmissions to effectuate the scheme.

Specifically, Plaintiff's $1,000,000 investment was solicited under false pretenses and transferred from his Bank of America account in Texas to Velanos Principal Capital's Canadian bank (Exhibits B, B-1), then routed to Nordic Trust's CIBC account (Exhibit B-2) in a manner indicative of layered concealment.

These transmissions constitute actionable wire fraud under 18 U.S.C. § 1343.

Plaintiff attaches an affidavit regarding his use of generative artificial intelligence (AI) to assist in preparing this pleading, in accordance with Northern District of Texas guidance. This statement is attached as **Exhibit I**.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. Actual damages of at least $1,000,000 plus unauthorized withdrawals;

B. Treble damages under 18 U.S.C. § 1964(c);

C. Punitive damages for fraud and conversion;

D. Preliminary and permanent injunctions freezing all Defendant assets;

E. Avoidance and disgorgement of fraudulent transfers;

F. Constructive trust and full accounting;

G. Attorneys' fees and pro se reasonable expenses as allowed;

H. Pre- and post-judgment interest; and

I. Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## EXHIBITS IN SUPPORT OF VERIFIED COMPLAINT

| Exhibit | Description |
| --- | --- |
| A | Demand Letter to Velanos/Nordic (March 2024) |
| B | Wire Confirmation – $1,000,000 Transfer |
| B-1 | SWIFT/Bank Statement Supplement Bank of America to Velanos Capital |
| B-2 | Exhibit B-2 – Proof of transfer from Velanos to Nordic Trust |
| C | Unauthorized $25 Monthly Debits |
| D | Joint Venture / SBLC Agreement |
| E | Hantash v. Byrd Docket Sheet (N.D. Tex. No. 3:24-cv-02392) |
| E-1 | Hantash Supplemental Filing Confirming Estate Substitution |
| F | Collin County Probate Records (Byrd Estate) |
| G | Genie Complaint (Unstamped Copy) |

| Exhibit | Description |
|---|---|
| G-1 | File-stamped Genie Complaint |
| H | Declaration of Donald W. Klein (Service Efforts) |
| I | Affidavit of Donald W. Klein Regarding AI Use |

## VIII. VERIFICATION (28 U.S.C. § 1746)

I, Donald W. Klein, declare under penalty of perjury that the foregoing Complaint is true and correct to the best of Plaintiff's knowledge, information, and belief.

Executed on July 30, 2025, at Pilot Point, Texas.

Respectfully submitted,

/s/ Donald W. Klein

Donald W. Klein, Pro Se

10380 Foutch Road

Pilot Point, TX 76258

Tel.: 469-237-7744

Email: dk@dwklein.com

# JS 44 CIVIL COVER SHEET
JS 44 (Rev. 04/21) (TXND 4/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Donald W. Klein, individually
10380 Foutch Road

**(b)** County of Residence of First Listed Plaintiff: Denton County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se – see above contact block.

## DEFENDANTS
Velanos Principal Capital Inc.
Nordic Trust Alliance KB, LLC

County of Residence of First Listed Defendant: Orange County, California
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RECEIVED JUL 30 2025 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-25CV1991-S

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  | 950 Constitutionality of State Statutes |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 1962(c), (d) – Civil RICO; common-law fraud; unjust enrichment.

Brief description of cause:
Plaintiff invested $1,000,000 in an SBLC program; defendants misappropriated funds and continued monthly debits, causing $1MM+ damages.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 1,000,000 plus treble
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 23 July 2025
SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____