UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DONALD W. KLEIN, Individually, § <br> Plaintiff, § <br> v. § Civil Action No.: 3:25-cv-1991-S-BK <br> VELANOS PRINCIPAL CAPITAL INC.; § <br> NORDIC TRUST ALLIANCE KB, LLC; § <br> JAMES WILLIAM BYRD; § <br> DANIEL FERNANDEZ ROJO FILHO; § <br> ESTATE OF JAMES WILLIAM BYRD; § <br> JOSHUA WEARMOUTH; § <br> LYNDA K. BYRD, Successor-in-Interest; § <br> LYNDA K. BYRD, Individually, § <br> Defendants. | |

## DEFENDANT LYNDA K. BYRD'S ORIGINAL ANSWER

Defendant Lynda K. Byrd ("Defendant"), individually and as Successor-in-Interest to the Estate of James William Byrd, files this Original Answer to Plaintiff's Verified Complaint for Damages, Treble Damages, and Injunctive Relief (RICO) ("Complaint") and would respectfully show the Court as follows:

### I. GENERAL DENIAL

1. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each and every allegation in the Complaint except those specifically admitted herein. Defendant demands strict proof of all allegations by a preponderance of the evidence or by clear and convincing evidence where required by law.

### II. RESPONSES TO SPECIFIC ALLEGATIONS

I. PARTIES

2. As to Paragraph 1 of the Complaint (regarding Plaintiff Donald W. Klein), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

3. As to Paragraph 2 of the Complaint (regarding Defendant Velanos Principal Capital Inc.), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

4. As to Paragraph 3 of the Complaint (regarding Defendant Nordic Trust Alliance KB, LLC), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

5. As to Paragraph 4 of the Complaint (regarding Defendant Daniel Fernandez Rojo Filho), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

6. As to Paragraph 5 of the Complaint (regarding Defendant Joshua Wearmouth), Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

7. As to Paragraph 6 of the Complaint (regarding the Estate of James William Byrd), Defendant admits that the Estate of James William Byrd is a probate estate and that she serves as its administrator. Defendant denies that the probate estate is pending in Nacogdoches County.

8. As to Paragraph 7 of the Complaint (regarding Defendant Lynda K. Byrd), Defendant admits that she is an individual residing at 8600 FM 2609, Nacogdoches, Texas 75965. Defendant denies the remaining allegations, including any implication that she is a direct transferee of fraud proceeds.

II. JURISDICTION AND VENUE

9. As to Paragraph 8 of the Complaint, the allegations state legal conclusions that require no answer from Defendant, but to the extent an answer is required, Defendant admits that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 18 U.S.C. § 1964(c) for the federal claims but denies that supplemental jurisdiction exists over all state-law claims or that the Court has jurisdiction over her for all claims asserted.

10. As to Paragraph 9 of the Complaint, the allegations state legal conclusions that require no answer from Defendant, but to the extent an answer is required, Defendant denies that venue is proper in this District for all claims or parties.

11. As to Paragraph 10 of the Complaint, the allegations state legal conclusions that require no answer from Defendant, but to the extent an answer is required, Defendant denies the allegations.

## III. ENTERPRISE AND PATTERN ALLEGATIONS

### A. The SBLC Enterprise

12. As to Paragraph 11 of the Complaint, Defendant denies the allegations.

13. As to Paragraph 12 of the Complaint, Defendant denies the allegations.

### B. Predicate Acts

14. As to Paragraph 13 of the Complaint (including the table of predicate acts), Defendant denies the allegations.

15. As to Paragraph 14 of the Complaint, Defendant denies the allegations.

## IV. FACTUAL ALLEGATIONS

### A. The $1 Million Wire

16. As to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

17. As to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

18. As to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

B. Unauthorized $25 Debits

19. As to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

20. As to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

21. As to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

22. As to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

C. Parallel Federal Findings

23. As to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

24. As to Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

25. As to Paragraph 24 of the Complaint, Defendant denies the allegations.

D. Fraudulent Estate Transfers

26. As to Paragraph 25 of the Complaint, Defendant denies the allegations, including any implication that the Estate holds assets traceable to any fraudulent scheme.

E. Damages

27. As to Paragraph 26 of the Complaint, Defendant denies the allegations.

28. As to Paragraph 27 of the Complaint, Defendant denies the allegations.

## V. CAUSES OF ACTION

29. As to Paragraph 28 (Count 1 - Civil RICO), Defendant denies the allegations.

30. As to Paragraph 29 (Count 2 - RICO Conspiracy), Defendant denies the allegations.

31. As to Paragraph 30 (Count 3 - Fraud), Defendant denies the allegations.

32. As to Paragraph 31 (Count 4 - Unjust Enrichment), Defendant denies the allegations.

33. As to Paragraph 32 (Count 5 - Fraudulent Transfer (TUFTA)), Defendant denies the allegations.

34. As to Paragraph 33 (Count 6 - Constructive Trust & Accounting), Defendant denies the allegations.

35. As to Paragraph 34 (Count 7 - Conversion), Defendant denies the allegations.

36. As to Paragraph 35 (Count 8 - Civil Conspiracy), Defendant denies the allegations.

37. As to Paragraph 36 (Count 9 - Federal Wire Fraud), Defendant denies the allegations.

## VI. PRAYER FOR RELIEF, JURY DEMAND, EXHIBITS, AND VERIFICATION

38. As to the Prayer for Relief, Jury Demand, Exhibits in Support, and Verification sections of the Complaint, these require no answer from Defendant, but to the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief requested.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Lynda K. Byrd prays that this Answer be deemed sufficient; that Plaintiff take nothing by his claims; that all claims against Defendant be dismissed with prejudice; that Defendant recover her costs of suit, including

reasonable attorney's fees; and for such other and further relief, legal and equitable, to which Defendant may be entitled.

Respectfully submitted,

**YATES LAW GROUP, PLLC**

By: */s/ Jeffrey A. Yates*
Jeffrey A. Yates
Texas Bar No. 24004999
Jeff@YatesLG.com
290 S. Preston Rd., Ste. 300
Prosper, Texas 75078
Tel. (214) 281-8000
Fax. (214) 281-8002

CERTIFICATE OF SERVICE

I certify that on the 2nd day of September, 2025, a true and correct copy of the foregoing document was served on all parties and/or attorneys of record pursuant to Texas Rules of Civil Procedure 21 and 21a.

/s/ Jeffrey A. Yates
Jeffrey A. Yates