UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DONALD W. KLEIN, Individually
    Plaintiff,                                                  Civil Action No.: 3:25-CV-1991-S

v.

VELANOS PRINCIPAL CAPITAL INC,;
NORDIC TRUST ALLIANCE KB;
JA PLAINTIFFS WILLIAM BYRD;
DANIEL FERNANDEZ ROJO
FILHO, ESTATE OF JAMES WILLIAM BYRD;
JOSHUA WEARMOUTH
LYNDA K BYRD, Successor-in-Interest,
LYNDA K BYRD, Individually,
    Defendants,
_____/

**DEFENDANTS DANIEL FERNANDES ROJO FILHO AND NORDIC TRUST ALLIANCE KB'S MOTION TO DISMISS VERIFIED COMPLAINT PURSUANT TO RULE 12(b)(6) WITH MEMORANDUM OF LAW IN SUPPORT**

**INTRODUCTION**

Plaintiff's Verified Complaint is a paradigmatic shotgun pleading. It asserts multiple counts in conclusory form, incorporating all prior paragraphs into each cause of action and indiscriminately lumping all defendants together without distinguishing what each allegedly did. With respect to Defendants Daniel Fernandes Rojo Filho ("Filho") and Nordic Trust Alliance KB ("Nordic"), the Complaint is especially deficient: it fails to allege a single specific act, statement, or transaction attributable to them. They are mentioned only by name in the caption and headings. This is insufficient to satisfy the requirements of Rules 8 and 9(b), or the plausibility standards articulated in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Because Plaintiff has not pled facts that, if true, would establish liability against Filho or Nordic, the Complaint should be dismissed as to them in its entirety. Moreover, as explained below, several of the counts fail as a matter of law, either because they do not state cognizable causes of action or because they rely on conclusory allegations devoid of factual support. For these reasons, dismissal with prejudice is warranted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. To survive such a motion, a plaintiff must allege facts that, accepted as true, state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570. A claim has facial plausibility only when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Conclusory allegations or recitals of elements do not suffice.

Additionally, under Rule 9(b), claims alleging fraud including RICO and common-law fraud must be pled with particularity. The plaintiff must set forth the who, what, when, where, and how of the alleged fraud. United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 185 (5th Cir. 2009). Group pleading that attributes fraud to undifferentiated "defendants" does not satisfy Rule 9(b). Williams v. WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir. 1997).

## ARGUMENT

I. <u>Global Deficiencies in the Complaint</u>

The Complaint is a classic shotgun pleading. Each count incorporates every preceding allegation, creating a morass of undifferentiated assertions. Courts in the Fifth Circuit consistently reject such pleadings because they fail to give fair notice of the claims asserted and the grounds upon which they rest. Moreover, Plaintiff repeatedly alleges in conclusory fashion that "Defendants" collectively committed various wrongs, without attributing any particular conduct to Filho or Nordic. This lack of specificity violates both Rule 8's requirement of a short and plain statement showing entitlement to relief and Rule 9(b)'s heightened standard for fraud claims.

II. <u>Count-by-Count Deficiencies</u>

### Count I
### Civil RICO (18 U.S.C. § 1962(c))

To state a claim under § 1962(c), Plaintiff must allege that each defendant conducted or participated in the conduct of an enterprise through a pattern of racketeering activity. Yet the Complaint does not identify a distinct enterprise, nor does it allege predicate acts by Filho or Nordic. Instead, it asserts in broad terms that "Defendants" engaged in wrongdoing. This does not meet the particularity required by Rule 9(b) or the substantive elements of a RICO claim. See Zastrow v. Houston Auto Imports Greenway Ltd., 789 F.3d 553, 559 (5th Cir. 2015).

### Count II
### RICO Conspiracy (18 U.S.C. § 1962(d))

The RICO conspiracy statute requires an allegation that the defendant agreed to join the conspiracy and intended to further its unlawful purpose. Plaintiff merely states in conclusory terms that all Defendants "conspired." There are no facts describing any agreement, meeting, or communication involving Filho or Nordic. Absent allegations of an actual agreement, this claim cannot stand. See Chaney v. Dreyfus Serv. Corp., 595 F.3d 219, 239 (5th Cir. 2010).

### Count III
### Common-Law Fraud

Fraud must be pled with particularity. The Complaint does not identify a single misrepresentation made by Filho or Nordic, let alone specify when, where, or how such statements were made. Instead, it broadly asserts that Defendants engaged in fraudulent conduct. This falls far short of Rule 9(b). See Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003).

## Count IV
## Unjust Enrichment

Texas courts have held that unjust enrichment is not an independent cause of action but rather a remedy. Hancock v. Chicago Title Ins. Co., 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009). Because Plaintiff has not stated a valid underlying claim, he cannot pursue unjust enrichment against Filho or Nordic as a standalone cause of action.

## Count V
## Fraudulent Transfer (TUFTA)

To state a claim under the Texas Uniform Fraudulent Transfer Act, Plaintiff must identify a specific transfer of assets, the date, the parties to the transfer, and the value exchanged. The Complaint does not allege any such facts with respect to Filho or Nordic. It simply asserts, in conclusory terms, that assets were wrongfully transferred. Without specifics, this count cannot survive. See Spring St. Partners-IV, L.P. v. Lam, 730 F.3d 427, 437 (5th Cir. 2013).
.

## Count VI
## Constructive Trust and Accounting

These are equitable remedies, not independent causes of action. A constructive trust may be imposed only where a substantive claim such as fraud is proven. Likewise, an accounting is a remedy ancillary to an underlying cause of action. Because Plaintiff has not stated any valid claim against Filho or Nordic, these remedies are unavailable.

## Count VII
## Conversion

Conversion requires that the defendant wrongfully exercise dominion over specifically identified property belonging to the plaintiff. The Complaint alleges in conclusory terms that "Defendants" converted funds, but it does not identify any specific act by Filho or Nordic. This lack of factual detail is fatal. See Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex. 1971).

## Count VIII
## Civil Conspiracy (Texas law)

Civil conspiracy requires an underlying tort, an agreement between two or more parties, and a meeting of the minds on the object of the conspiracy. The Complaint does not identify any agreement involving Filho or Nordic, nor does it allege facts showing they acted in concert with others. Without such allegations, this claim fails. See Tri v. J.T.T., 162 S.W.3d 552, 556 (Tex. 2005).

## Count IX
## Wire Fraud (18 U.S.C. § 1343)

Wire fraud is a criminal statute that does not provide a private right of action. Even if the Court were to construe it as a predicate act for RICO, the Complaint fails to plead the alleged wire communications with particularity. No communication is attributed to Filho or Nordic. Thus, this count fails both substantively and procedurally.

III.     Independent Grounds for Dismissal of Filho and Nordic

Even apart from the deficiencies in each count, the Complaint must be dismissed as to Filho and Nordic because it fails to attribute any actionable conduct to them. Courts in this Circuit require that plaintiffs distinguish the conduct of each defendant; group allegations are insufficient. Southland Sec. Corp. v. Inspire Ins. Solutions, Inc., 365 F.3d 353, 365 (5th Cir. 2004). Here, Plaintiff has not identified any misrepresentation, transfer, or communication involving Filho or Nordic. Their inclusion as defendants without supporting allegations is improper, and the claims against them should be dismissed with prejudice.

## REQUEST FOR FEES AND COSTS

The civil RICO counts are frivolous and asserted without factual basis. Section 1964(c) of Title 18 authorizes prevailing defendants to recover attorneys' fees and costs where RICO claims are unfounded. Because Plaintiff's RICO counts are wholly lacking in factual support, Defendants Filho and Nordic respectfully request an award of their reasonable attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, Defendants Daniel Fernandes Rojo Filho and Nordic Trust Alliance KB respectfully request that the Court: (1) dismiss Plaintiff's Verified Complaint in its entirety with prejudice; (2) alternatively, dismiss all claims asserted against Filho and Nordic for failure to state a claim; and (3) award Defendants their attorneys' fees and costs pursuant to 18 U.S.C. § 1964(c).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 13th day of September 2025.

Respectfully submitted,

Jorge Diaz-Cueto, P.A.
800 Brickell Avenue
Suite 500
Brickell, FL 33131
Tel: 305-890-3600
jorgediazcueto@bellsouth.net

By: */s/ Jorge Diaz-Cueto*
Jorge Diaz-Cueto
Florida Bar No. 0143367