**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD W. KLEIN, Individually,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:2025cv01991** |
| **VELANOS PRINCIPAL CAPITAL INC.;** | § | **District Judge Karen Gren Scholer** |
| **NORDIC TRUST ALLIANCE KB;** | § | **Magistrate Judge Renée Harris Toliver** |
| **PLAINTIFFS WILLIAM BYRD;** | § | |
| **DANIEL FERNANDEZ ROJO FILHO;** | § | |
| **ESTATE OF JAMES WILLIAM BYRD;** | § | |
| **JOSHUA WEARMOUTH** | § | |
| **LYNDA K BYRD, Successor-in-Interest,** | § | |
| **LYNDA K. BYRD, Individually,** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S MOTION FOR REASONABLE TIME TO CURE**

**UNDER FED. R. CIV. P. 17(a)(3)**

Plaintiff Donald W. Klein ("Plaintiff"), proceeding pro se, files this Motion pursuant to Federal Rule of Civil Procedure 17(a)(3). Plaintiff seeks a reasonable time to cure in the event the Court determines—based on Defendants' newly emphasized reply arguments (Docs. 39–40)—that any claim must be prosecuted in the name of a different real party in interest or that an entity must be joined or substituted.

Defendants' reply briefing squarely raises and presses the real-party/capacity objection, including assertions that (i) Plaintiff is not a party to key transactions and therefore lacks standing, and (ii) Plaintiff is using this case to avoid the requirement that entities appear through counsel. See, e.g., Doc. 40 at 2–3, 9 (PageID 395–396, 402).

Rule 17(a)(3) provides that an action "must not be dismissed" for failure to prosecute in the name of the real party in interest until "a reasonable time has been allowed" for ratification, joinder, or substitution. The Rule exists to prevent forfeiture when the determination of the proper plaintiff is contested or clarified during motion practice.

Accordingly, if the Court determines that any claim should proceed in the name of any entity or other real party (including, without limitation, any corporation or LLC referenced in the pleadings), Plaintiff respectfully requests that the Court:

- allow Plaintiff ninety (90) days to obtain ratification, joinder, or substitution of the real party in interest;
- permit the real party, if an entity, to appear through counsel within that cure period; and
- decline to dismiss (with or without prejudice) on real-party or corporate-representation grounds while the cure period runs.

This requested cure period will not prejudice Defendants. The case remains at the pleadings stage; Defendants have fully briefed their Motion to Dismiss; and allowing a cure period advances the strong preference for resolving disputes on the merits rather than on technical, non-merits grounds.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and allow a reasonable time to cure under Rule 17(a)(3) on the terms set forth above.

Respectfully submitted,



/s/ Donald W. Klein

**Donald W. Klein**

Plaintiff, pro se

Address: 10380 Foutch Road, Pilot Point, Texas 76258

Telephone: 469-237-7744

Email: dk@dwklein.com

**CERTIFICATE OF SERVICE**

I certify that on January 13, 2026, I served the foregoing Rule 17(a)(3) Motion on all counsel of record via the Court's CM/ECF system.

Dated: January 13, 2026



/s/ Donald W. Klein